IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAY JILES,      )   No. C 04-4890 JSW (PR)
                       )
        Petitioner,      )
                       )
   vs.                  )   **ORDER TO SHOW CAUSE**
                       )
TOM CAREY, Warden,       )
                       )
        Respondent.     )
                       )
_____ )

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano in Vacaville, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the imposition of a 10 year prison sentence after Petitioner's probationary sentence was revoked.  On February 15, 2005, the petition was dismissed with leave to amend for failure to allege the violation of a federal right. Petitioner's motion to proceed *in forma pauperis* was previously granted.  This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner plead guilty to several drug crimes upon a negotiated plea that he be sentenced to a term of one year in county jail and probation, including completion of the two year Delancey Street program and receive a suspended sentence of 10 years in prison.  Petitioner alleges that in his absence the negotiated plea was altered to require his attendance in a program other than Delancey Street.  Petitioner

contends that imposition of the 10 year prison sentence after he was found to have failed to complete the other program violates his constitutional rights under the Fifth, Sixth and Fourteenth Amendments.  He alleges that he has exhausted state judicial remedies as to these claims.

## DISCUSSION

I.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

II.   Legal Claims

Petitioner alleges that his constitutional rights were violated by the alteration of his plea agreement in his absence.  Liberally construed, the allegations are sufficient to warrant a response from Respondent.  *See Rushen v. Spain*, 464 U.S. 114, 117 (1983); *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  However, Petitioner's state law claim regarding pre-sentence credits fails to present a federal claim for relief.  As such, that claim is dismissed without prejudice to Petitioner filing this claim in a fully exhausted petition alleging the violation of a federal right.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent, Tom Carey, Warden of California State Prison-Sacramento and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: <u>May 15, 2006</u>

_____
JEFFREY S. WHITE
United States District Judge

3