IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL RAY JILES, | ) | No. C 04-4890 JSW (PR) |
| Petitioner, | ) | |
| | ) | **ORDER DENYING** |
| vs. | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| TOM CAREY, Warden, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at California State Prison-Solano in Vacaville, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer, memorandum and exhibits in support thereof and Petitioner has not filed a traverse. For the reasons stated below, the petition is denied on the merits.

## PROCEDURAL BACKGROUND

On March 15, 2000, Petitioner pleaded no contest to possessing cocaine base for sale, transporting a controlled substance, and possessing marijuana for sale. Petitioner also admitted serving two prior prison terms and other enhancement allegations. Pursuant to a plea agreement, the trial court imposed a 10-year suspended prison term and three years probation. One of the terms of Petitioner's probation was that he complete a two-year rehabilitation program at the Delancey Street Foundation in San Francisco. At sentencing, the trial court stated that if Petitioner failed to complete the two-year Delancey Street program, the court would impose the ten year state prison sentence.

Petitioner appeared in court on April 11, 2000, and was ordered to enroll at Delancey

Street by May 5, 2000.  On April 25, 2000, the Probation Officer of Contra Costa County filed a petition to revoke Petitioner's probation, based on a new arrest on a domestic violence complaint.  After a series of hearings, the trial court found on April 4, 2001, that Petitioner had not violated his probation and ordered Petitioner to enroll in the Delancey Street program.

Upon his arrival at Delancey Street, Petitioner was rejected from the program because of a physical disability, and Petitioner was remanded to custody.  Petitioner's attorney and the trial court had a conference and the trial court ordered Petitioner to attend the only comparable program, Genesis House in Vallejo, another two year program which was substituted for Delancey Street to satisfy the terms of his probationary sentence.  Petitioner was apparently not present at that conference.  On April 20, 2001, the court ordered Petitioner to be released from custody and transported to Genesis House.

On June 26, 2001, Petitioner's probation officer filed a petition to revoke probation, alleging that Petitioner had been discharged by Genesis House on June 25, 2001, because he was not amenable to treatment and denied having a drug problem.  A supplemental petition was filed on September 6, 2001, alleging that Petitioner's probation should also be revoked because of a recent narcotics arrest.  A probation revocation proceeding was held over a series of hearings and on April 29, 2002, the trial court found Petitioner in violation of his probation based solely on his failure to complete the program at Genesis House.  The court sentenced Petitioner to 10 years in state prison, less 955 days credit for time served.

Petitioner appealed the order revoking his probation and imposing his sentence to the California Court of Appeal, First District, which affirmed the order in an unpublished, reasoned opinion filed September 25, 2003.  On January 14, 2004, the California Supreme Court denied review.  On March 16, 2005, Petitioner filed the instant petition.

## FACTUAL BACKGROUND

The facts underlying the charged offenses, as found by the California Court of Appeal, are summarized as follows:

On May 7, 1999, officers of the Pittsburg Police Department stopped the car

1  appellant was driving when they recognized him as a parole violator whose parole agent
2  had asked that he be stopped by the police if seen. Appellant had violated his parole by
   testing positive for heroin on April 14, 1999, and by failing to report to his parole agent.
3  When the police stopped him, appellant was "extremely hostile and non-cooperative"
   with them and with the parole agent, whom the police had contacted and called to the
4  scene. Appellant was placed under arrest. In an inventory search of his vehicle, police
   found a jacket with a clear plastic bag containing marijuana. Another plastic bag of
5  marijuana was found on appellant's person, as well as a cellular telephone, a pager, and
   $ 767.91 in currency. The police discovered a plastic bag containing several chunks of
6  cocaine base concealed under appellant's pants.

7  *People v. Jiles*, No. A098773, 2003 Cal. App. Unpub. LEXIS 9205, at *2-3 (Cal. Ct. App. Sep.
8
9  25, 2003) (footnotes omitted).

10                              **STANDARD OF REVIEW**

11          This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in
12  custody pursuant to the judgment of a state court only on the ground that he is in custody in
13  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The
14  petition may not be granted with respect to any claim that was adjudicated on the merits in state
15  court unless the state court's adjudication of the claim: "(1) resulted in a decision that was
16  contrary to, or involved an unreasonable application of, clearly established Federal law, as
17  determined by the Supreme Court of the United States; or (2) resulted in a decision that was
18  based on an unreasonable determination of the facts in light of the evidence presented in the
19  State court proceeding." 28 U.S.C. § 2254(d).

20          Under the "contrary to" clause, a federal habeas court may grant the writ if the state
21  court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law
22  or if the state court decides a case differently than the Supreme Court has on a set of materially
23  indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 413 (2000).  Under the "unreasonable
24  application" clause, a federal habeas court may grant the writ if the state court identifies the
25  correct governing legal principle from the Supreme Court's decision but unreasonably applies
26  that principle to the facts of the prisoner's case. *Id.*  As summarized by the Ninth Circuit: "A
27
28

3

state court's decision can involve an 'unreasonable application' of federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000) (citing *Williams*, 529 U.S. at 405-07), *overruled in part on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411; *accord Middleton v. McNeil*, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

In deciding whether the state court's decision is contrary to, or an unreasonable application of clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. *LaJoie v. Thompson,* 217 F.3d 663, 669 n.7 (9th Cir. 2000).  If the state court only considered state law, the federal court must ask whether state law, as explained by the state court, is "contrary to" clearly established governing federal law. *See Lockhart v. Terhune*, 250 F.3d 1223, 1230 (9th Cir. 2001).

## DISCUSSION

### I.   Procedural Bar

Petitioner contends that the trial court violated his federal constitutional rights when it revised the terms of his probation when he was not personally present.  Respondent argues that Petitioner is procedurally barred from raising this claim.  Respondent argues that because

4

Petitioner failed to object to the modification until a year after the alleged error, an adequate and independent state ground exists for the state court's denial of his claim.

**A.    Legal Standard**

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  In the context of direct review of a state court judgment, the independent and adequate state ground is jurisdictional. *Id.* at 729.  In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

Under the 'independent' prong, where the state decision fairly appears to rest primarily on federal law or be interwoven with it, and the state court did not clearly and expressly rely on an independent state law ground for denial, the state grounds is not "independent" and the federal court should reach the merits. *See Siripongs v. Calderon*, 35 F.3d 1308, 1316-18 (9th Cir. 1994) (petition summarily denied by state court "both for reasons of procedural default and on the merits").  On the other hand, where the state court decision rests on clearly alternate grounds, one invoking a state procedural bar and the other addressing the merits, the state procedural ground is still sufficiently independent to preclude habeas review. *See Bargas v. Burns*, 179 F.3d 1207, 1214 (9th Cir. 1999); *see also Moran v. McDaniel,* 80 F.3d 1261, 1269 (9th Cir. 1996) (concluding that Nevada Supreme Court rested its dismissal of petition on independent state procedural grounds because it stated that any discussion of merits was strictly for purpose of demonstrating that petitioner's procedural defaults could not be overcome by

1  showing of cause and prejudice).

2       Under the 'adequate' prong, the state procedural bar cited must be "clear, consistently

3  applied, and well-established at the time of the petitioner's purported default." *Calderon v.*

4  *United States Dist. Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996) (internal quotations and

5  citation omitted), *cert. denied*, 520 U.S. 1204 (1997).  The federal court must look at the actual

6  practice of state courts in enforcing their procedural bars, and not just at the rule as stated in

7  state court decisions.  *Powell v. Lambert*, 357 F.3d 871, 879 (9th Cir. 2004).  In examining the

8  rule in practice, the federal court may consider both published and unpublished state court

9  decisions.  *Id.*  The state bears the burden of proving the "adequacy" of a state procedural bar.

10  *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), *cert. denied*, 540 U.S. 938 (2003).

11  

12      **B.**    **Analysis**

13       The Court of Appeal concluded that Petitioner was procedurally barred from challenging

14  the modification of his probation in his absence.  *Jiles,* slip op. at *15. (citing *People v. Welch,*

15  5 Cal. 4th 228, 234-237 (1993)).  The court noted that "appellant waived his challenge to the

16  trial court's modification . . . by failing to object to that modification at any point after it was

17  made, up until near the end of the probation revocation hearing."  *Id.*  However the Court of

18  Appeal also considered and rejected Petitioner's claim on the merits.  The court explained that

19  "[a]ppellant has failed to show how his absence from the conference on the basis of which the

20  trial court issued this order would have altered the course of the criminal proceeding *to his*

21  *prejudice*." *Id.* at *12 (emphasis in original).  Relying on California Penal Code section 1203.3,

22  the Court of Appeal stated that "[e]ven where probation is imposed in accordance with a plea

23  bargain, a trial court has statutory power to modify the terms of probation in the defendant's

24  favor."  *Id.* at *13.  The court concluded that "appellant has failed to show any prejudice or

25  violation of due process as a matter of law."  *Id.* at *14.

26       Because the Court of Appeal's decision rested on clearly alternate grounds, one invoking

27  

28

a state procedural bar and the other addressing the merits, the state procedural ground can still preclude habeas review. *See Bargas*, 179 F.3d at 1214; *see also Moran,* 80 F.3d at 1269. The issue turns on whether the procedural bar is an independent and adequate state ground barring federal review of Petitioner's claim. This Court concludes that it is not.

Respondent bears the burden of proving the adequacy of the state procedural bar. *See Mueller*, 322 F.3d at 585-86. As the Ninth Circuit has noted, it is most just to place the burden of establishing such a default with Respondent, as it is "the state, not petitioner, often appearing *pro se*, who has at its hands the records and authorities to prove whether its courts have regularly and consistently applied the procedural bar." *Id.* at 585. This Court finds that Respondent has failed to meet its burden by failing to show that the procedural bar to Petitioner's claim was "clear, consistently applied, and well-established at the time of the petitioner's purported default." *See Bean*, 96 F.3d at 1129.

Respondent cites the case *People v. Welch,* 5 Cal. 4th 228 (1993)*,* as a "well established procedural bar for failure to object to a probation condition." In *Welch,* the California Supreme Court held that defendant waived her claims that her probation conditions were unreasonable by not raising them at the sentencing hearing. *Welch*, 5 Cal. 4th at 237. The court limited its holding, however, to failures to challenge the "reasonableness" of a probation condition. *Id.* at 230. Here, Petitioner is not arguing that the modification to the terms of his probation was unreasonable; he asserts that his constitutional rights were violated when the modification was made outside of his presence. To determine if Respondent has proved an adequate state procedural bar, this court must look at how California courts have actually applied the *Welch* holding to constitutional challenges to probation conditions. *See Powell*, 357 F.3d at 879.

A review of California cases on this issue shows that in the years following the *Welch* decision, California courts of appeal were split on the issue of whether or not the procedural bar described in *Welch* also applied to purely legal challenges to probation conditions. Some held

7

that the forfeiture rule in *Welch* did extend to constitutional challenges to probation conditions (*See In re Josue S.*, 72 Cal. App. 4th 168 (1999); *People v. Gardineer,* 79 Cal. App. 4th 148 (2000)), while others held that the forfeiture rule did not extend to constitutional challenges that are "pure questions of law" (*In re Justin S.,* 93 Cal. App. 4th 811, 815 (2001); *see also In re Kacy S.,* 68 Cal. App. 4th 704 (1998)).  In 2007, the California Supreme Court noted this split among the lower courts and attempted to clarified the issue in *In re Sheena K*, 40 Cal. 4th 875 (2007).  In *Sheena K.*, the court held that "a defendant's claim that her probation condition was unconstitutionally vague and overbroad was not forfeited by her failure to raise it in juvenile court." *Id.* at 889.  But the court added "We caution, nonetheless, that our conclusion does not apply in every case in which a probation condition is challenged on a constitutional ground." *Id.*

This Court does not need to determine whether, in light of the California Supreme Court's decision in *In re Sheena K.*, Petitioner forfeited his claim by failing to object to the modification shortly after it was made.  The inquiry here is whether the procedural bar cited by Respondent was a "clear, consistently applied, and well-established" bar to constitutional challenges to probation conditions at the time of Petitioner's purported default.  *Bean*, 96 F.3d at 1129.  This Court finds that the applicability of the bar to a constitutional challenge appears to have been an unsettled question in California courts in recent years.  Respondent did not address the issue of whether the procedural bar described in *Welch* also applies to constitutional challenges to probation conditions.  Respondent has therefore failed to meet its burden to prove that the state procedural bar was clear and consistently applied.  *See Mueller*, 322 F.3d at 585-86.  Because Respondent has not established that federal review is barred by the existence of an adequate and independent state ground for the state court's decision, this Court must review Petitioner's claim on the merits.

8

## II.      Right To Be Present

Petitioner entered a plea of no contest to three felonies and several enhancements on March 15, 2000.  His guilty plea involved a suspended aggregate sentence of ten years, three years formal probation, a year of county jail credit, and a requirement that he attend the Delancey Street program for two years.  Over the course of the next year, several hearings were held regarding a possible revocation of Petitioner's probation for new domestic violence charges.  On April 4, 2001, the court determined that Petitioner was not in violation of his probation and ordered him to enroll in Delancey Street.

Shortly thereafter, Petitioner was unexpectedly rejected by the Delancey Street program because of a physical disability.  Petitioner's counsel conferred with the trial court regarding a possible substitution for Delancey Street, and it was agreed that Petitioner could meet the terms of his plea agreement by attending Genesis House.  There is no record of this conference between Petitioner's counsel and the trial court before this Court, but apparently Petitioner was not present during the conference between defense counsel and the trial judge.  On April 20, 2001, the court ordered that Petitioner be released from custody and transported to Genesis House to begin the two-year program.

Petitioner was discharged by Genesis House on June 25, 2001, because his participation in the program was not adequate.  A petition to revoke Petitioner's probation was filed on June 26, 2001, on the grounds that his failure to complete Genesis House violated the terms of his probation.  A supplemental petition to revoke Petitioner's probation was filed on September 6, 2001, on the grounds that recent narcotics arrests also violated the terms of his probation.  A series of probation revocation hearings were held over the next seven months and on April 29, 2002, the court found Petitioner in violation of his probation based solely on his failure to complete the program at Genesis House.  When the court announced the finding, Plaintiff, who was no longer represented by defense counsel and appeared at the hearing in pro per, argued for

the first time that his probation should not be revoked because he was not present at the conference in April of 2001 when the court substituted Genesis House for Delancey Street.  The court rejected this argument and imposed the ten-year state prison sentence.

Petitioner claims here that the trial court violated his constitutional rights when it modified the terms of his probation in April of 2001 in his absence.  Respondent asserts that, regardless of whether Petitioner is procedurally barred from bringing his claim in a federal habeas petition, Petitioner's claim fails on the merits because he had no constitutional right to be present when the court made the modification.

### A.    Legal Standard

The Supreme Court has recognized that "the right to personal presence at all critical stages of the trial . . . [is a] fundamental right[] of each criminal defendant." *Rushen v. Spain*, 464 U.S. 114, 117 (1983).  This right derives from the Confrontation Clause of the Sixth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments.  *Campbell v. Wood*, 18 F.3d 662, 671 (9th Cir. 1994) (en banc).   The Confrontation Clause protects a defendant's right to face his accusers and applies to every stage of a trial.  *See Illinois v. Allen*, 397 U.S. 337, 338 (1970).   The Sixth Amendment protects an individual's right to be present at his sentencing.  *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006) (finding constitutional error in the district court's inclusion in the written judgment nonstandard conditions of supervised release which were not included in defendant's oral sentence).

Due process, on the other hand, protects a defendant's right to be present "at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987).  A defendant's presence contributes to the fairness of a procedure when, in light of the nature of the situation, defendant's presence would be useful in ensuring a more reliable determination.  *Id.* at 747.  A defendant does not have an absolute right to be present at every event related to a trial.  *United*

10

*States v. Veatch*, 674 F.2d 1217, 1255 (9th Cir. 1989). A defendant does not have a due process right to be present when the fairness of the hearing is not detrimentally affected by defendant's absence. *Id.*; *Snyder v. Massachusetts*, 291 U.S. 97, 106-07 (1934) (no right to be present "when presence would be useless, or the benefit but a shadow").

The Supreme Court has never held that exclusion of a defendant from a critical stage of the trial is a structural error. *Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc). The rights to be present at all critical stages and to be represented by counsel, like most constitutional rights, are subject to harmless error analysis "'unless the deprivation, by its very nature, cannot be harmless.'" *Id.* (quoting *Rushden v. Spain,* 464 U.S. 114, 117 n.2 (1983) (per curiam)). The vast majority of cases will be subject to a harmless error/prejudice analysis. *See, e.g., United States v. Gagnon*, 470 U.S. 522, 527 (1985) (harmless error where defendant and his counsel not present for in-camera meeting of judge, juror and lawyer for one defendant where juror expressed concern that defendant was sketching portraits of jury); *Rushen v. Spain*, 464 U.S. 114, 117-18 & n.2 (1983) (if constitutional error then error is harmless as to ex parte communication between juror and judge re information forgotten during voir dire); *Fisher v. Roe*, 263 F.3d 906, 917-18 (9th Cir. 2001) (after finding absence during readback was error under § 2254(d)(1), finding prejudice under *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993), before affirming grant of habeas relief); *Turner v. Marshall*, 121 F.3d 1248, 1255 (9th Cir. 1997) (defendant's absence from jury room during readback harmless error).

**B.   Analysis**

A defendant has a Sixth Amendment right to be present when the terms of his sentence are announced. In *Napier*, the district court added several nonstandard conditions to the written order regarding the terms of defendant's supervised release after the oral sentencing hearing. *Napier*, 463 F.3d at 1041. The Ninth Circuit held that the district court violated defendant's Sixth Amendment rights by not first announcing those conditions as part of defendant's oral sentence. *Id.* at 1042. But in *Napier*, the unannounced, nonstandard terms added new

11

conditions to defendant's sentence that "neither [defendant] nor his counsel could have anticipated from the court's statements at the sentencing hearing." *Id.* at 1043.  Here, the court announced at the sentencing hearing that completion of Delancey Street, a rigorous two-year substance abuse program, was a condition of Petitioner's sentence, and that if Petitioner failed to complete the program he would go to jail for ten years.  The subsequent modification that Petitioner must instead attend Genesis House, also a rigorous two-year substance program, did not impose a new condition to Petitioner's probation that he could not have anticipated. Petitioner did not have a Sixth Amendment right to be present at the conference when the Genesis House modification was made because the modification did not create a new condition of Petitioner's sentence that he could not have anticipated.  *Id.  See also United States v. Garcia*, 37 F.3d 1359, 1368 (9th Cir. 1994) (no right to be present when a later written sentence merely clarifies an ambiguity in the oral pronouncement).

The constitutional right to be present at issue here is Petitioner's due process right to be present at any stage of the proceeding where his presence would "contribute to the fairness of the procedure." *See Stincer*, 482 U.S. at 745.  To succeed in his federal habeas petition, Petitioner must show that his absence from the conference detracted from the fairness of the procedure, and that the state court unreasonably applied clearly established federal law when it found that he did not have a constitutional right to be present at the conference.  *See id.;* 28 U.S.C. § 2254(d).

Petitioner has failed to show that his absence from the conference detracted from the fairness of the procedure.  At the initial sentencing hearing, the trial court told Petitioner "[i]f you don't complete Delancey Street you go to prison for ten years."  Reporter's Transcript ("RT") at 2.  When Petitioner's counsel and the trial court met to discuss Petitioner's unexpected rejection from Delancey Street, Petitioner was already in violation of the terms of his probation because he had failed to enroll in the Delancey Street treatment program, albeit through no fault of his own.  Genesis House was "substituted at [Petitioner's] attorney's request

so that [Petitioner] could get a program, as opposed to going to prison . . ." *Id.* at 214.  Under

the circumstances, Petitioner received the best possible outcome from the conference, because

according to the trial court "there were only two programs [the] Court would have considered

under the circumstances of Petitioner's case.  [I]f it wasn't Delancey Street it was going to be

Genesis House." *Id.*  Petitioner has not demonstrated that his presence would have contributed

to the fairness of the procedure. *Stincer*, 482 U.S. at 745.  Petitioner has not demonstrated any

possibility that the sentencing court would have considered any other sentence at that point.

Petitioner has also failed to show that the state court unreasonably applied clearly

established federal law when it found that he did not have a constitutional right to be present at

the conference.  The Supreme Court has never specifically addressed the question of whether a

defendant has a constitutional right be present when the terms of his probation are modified in a

situation like this one, but the state court's decision would be an unreasonable application of

federal law if it "unreasonably refuse[d] to extend [an established legal principle] to a new

context where it should apply." *Taylor*, 529 U.S. at 398.  Here, the state court did not refuse to

extend a clearly established federal legal principle to Petitioner's claim, because Petitioner has

not demonstrated that his presence would not have contributed to the fairness of the proceeding.

The state court's decision is also not contrary to established federal law in light of the

fact that Petitioner's counsel was present when the Genesis House modification was made.  In

*La Crosse v. Kernan*, a habeas petitioner argued that his right to be present during all critical

stages of his trial was violated when testimony was read back to the jury outside his presence.

*La Crosse v. Kernan*, 244 F.3d 702, 703 (9th Cir. 2001).  Petitioner's attorney stipulated that his

client did not need to be present.  The Ninth Circuit held that, because the Supreme Court had

never addressed whether readback of testimony to a jury is a critical stage of the trial triggering

a criminal defendant's fundamental right to be present, it could not be said that the state court's

rejection of such a claim "was contrary to or an unreasonable application of clearly established

federal law" under 28 U.S.C. § 2254(d)(1). *Id.* at 707-708.  In *Fisher v. Roe*, the Ninth Circuit

13

limited its holding in *La Crosse* to situations where defense counsel knew about the readback and stipulated to defendant's absence. *Fisher v. Roe*, 263 F.3d 906, 916-17 (9th Cir. 2001). In *Fisher*, petitioners' attorneys were absent and unaware of the readback of testimony to the jury, and therefore the risk of prejudice to petitioners was substantial. *Id.* at 915. Here, not only was Petitioner's counsel present at the conference, but the substitution of Genesis House was made at defense counsel's request. Given the line of federal cases in this area and the facts of Petitioner's case, it cannot be said that the state court's rejection of Petitioner's claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

Furthermore, even if Petitioner had demonstrated that his presence would have contributed to the fairness of the procedure, any error in making the modification to his probation in his absence was harmless. It is unlikely that Petitioner would have opted to begin his 10-year prison sentence instead of going to Genesis House. Petitioner indicated in his appeal that, had he been present at the conference, he may have moved to withdraw his plea of no contest and asked for a trial. However, he has not established any possibility that the trial court would have allowed him to withdraw has plea when another comparable drug program to the one he had agreed to was available. Further, the events following the sentencing court's modification suggest that Petitioner agreed with the modification: after the court modified the terms of his probation, Petitioner went to Genesis House, participated in the interview process and enrolled in the program and apparently remained there for around two months before the probation revocation proceeding was commenced. There is nothing in the record that reflects anything other than Petitioner's agreement with the modification of the program replacing Delancey Street as the condition of probation during that time, or that he indicated to anyone he would not have agreed to the modification of his sentence in that manner. This assent to the changed condition supports a finding that his absence was harmless.

Judge Brady presided over the trial, made the decision to substitute Genesis House, and

found Plaintiff in violation of his probation on April 29, 2002.  When Plaintiff, appearing in pro per at the April 29 hearing, claimed that he would have objected to the Genesis House modification had he been present at the conference in April of 2001, Judge Brady rejected his claim as unbelievable:  "[Y]ou had more than ample opportunity after you went [to Genesis House] for an interview, and after they [had] accepted you and went to the program, there was no communication with your probation officer or anyone else saying that there was any kind of an issue."  RT at 217.  Only after Judge Brady actually revoked his probation, a year later, and stated the basis for the revocation did Petitioner suggest for the first time that he would have rejected this modification had he been present at the time it was made.

In light of the totality of the circumstances, it cannot be said that the outcome of the conference would have been any different had Petitioner been present, and any error in proceeding without him was therefore harmless.  *See Rice*, 408 F.3d at 1172 (petitioner failed to show that counsel's conflict of interest adversely affected her representation of him, so conflict was harmless).  Therefore, Petitioner is not entitled to federal habeas relief on his claim.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED:  December 4, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JILES,

              Plaintiff,

   v.

CAREY et al,

             Defendant.

                          /

Case Number: CV04-04890 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dorian Jung
Office of the Attorney General
State of California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-3664

Michael Ray Jiles
K02024
San Quentin State Prison
San Quentin, CA 94974

Dated: December 4, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk